UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MANUEL TESILLO,

                              Plaintiff,

                                                                <u>DECISION AND ORDER</u>

                                                                    04-CV-6537L

                v.

EMERGENCY PHYSICIAN ASSOCIATES, INC.,

                              Defendant.
_____

**BACKGROUND**

Plaintiff, Manuel Tesillo, commenced this action against defendant, Emergency Physician Associates, Inc. ("EPA") on November 2, 2004. EPA did not serve an answer, but filed a motion to dismiss on December 22, 2004, which was subsequently denied by this Court on July 18, 2005. (Dkt. #15). After the motion to dismiss was denied, defendant failed to file an answer within the 10 day period required by Fed. R. Civ. Pro. 12(a)(4)(A).

On August 17, 2005, plaintiff requested an entry of default from the Clerk, and also filed a motion for default judgment. (Dkt. #17). The Clerk noted the entry of default on August 19, 2005.[1]

---

[1] Local Rule 55(b) provides that "[a]n application to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. Pro. 55(b)(2), shall be accompanied by a clerk's certificate noting the entry of the default and by a copy of the pleading to which no response has been made." Plaintiff filed his motion for default judgment the same

(continued...)

On September 1, 2005, defendant opposed default judgment, and simultaneously cross-moved to vacate the clerk's entry of default and for leave to serve its answer. (Dkt. #19).

For the reasons set forth below, plaintiff's motion for default judgment is denied, and defendant's cross-motions to vacate the entry of default and for leave to serve its answer are granted.

**DISCUSSION**

Fed. R. Civ. Pro 55(c) provides that "[f]or good cause shown the court may set aside an entry of default...." In determining whether to vacate an entry of default, the Court must consider "(1) whether the default was willful; (2) whether setting aside the default judgment would prejudice the adversary; and (3) whether a meritorious defense is presented. *See Powersave Intern. Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). The Court may also consider whether the failure to file the answer was "a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp.,* 10 F.3d at 96. Decisions to vacate an entry of default are within the discretion of the court, but any doubts should be resolved in favor of a trial on the merits. *See Meehan v. Snow*, 652 F.2d 274, 276-77 (2d Cir. 1981). Although the factors to be considered are the same, the standard for deciding whether to vacate an entry of default is less rigorous than the standard which is applied when deciding whether to vacate a default judgment. *See Pecarsky v. Galaxiworld.com Ltd.*, 249

---

[1](...continued)
day he made his request for the clerk's entry of default. Consequently, plaintiff failed to comply with the procedures laid out in Local Rule 55(b) by not attaching the Clerk's certificate to his application for the entry of default judgment.

F.3d 167, 171 (2d Cir. 2001); *American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 59 (2d Cir. 1996).

**I. Willfulness**

When determining the willfulness of a default, the Second Circuit has clearly held that carelessness and negligence do not constitute willfulness for the purpose of a default judgment. *See American Alliance Insurance Co.*, 92 F.3d at 61 (refusing to find willfulness in the default judgment context where defendant's failure to answer was due to a filing clerk's error in misplacing the complaint); *Sims v. West*, 2005 WL 2241066 at *2 (W.D.N.Y. 2005) (refusing to find willfulness where defendant failed to answer the complaint because of a mistaken assumption that he was represented by the New York State Attorney General's office); *Jones v. Herbert*, 2004 WL 3267285 at *2 (W.D.N.Y. 2004) ("The Second Circuit looks for bad faith or for at least something more than mere negligence before rejecting a claim of excusable neglect based on an attorney's or a litigant's error.").

In the case at hand, the attorney for defendant acknowledges the failure to file an answer, but states that he "inadvertently and innocently forgot" to do so after the Court's decision denying defendant EPA's Motion to Dismiss. (Matteliano Aff. at ¶ 19). The attorney for the defendant represents that he did prepare an answer prior to deciding to file the motion to dismiss, and merely forgot to file the answer once that motion was denied. (Matteliano Aff. at ¶ 18). There is absolutely no indication that the failure to file an answer was deliberate, the result of bad faith, or intended to cause undue delay or harassment.

**II. Prejudice**

The second criterion the Court must consider in deciding whether to vacate an entry of default is whether the non-defaulting party will suffer any prejudice. *See Enron Oil Corp.*, 10 F.3d at 96. A decision to vacate an entry of default which merely causes delay will not constitute prejudice. *See Id*. at 98. "For the delay in filing the answer to prejudice [the non-defaulting party], the delay must result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Jones*, 2004 WL 3267285 at *3.

Here, defendant should have filed an answer ten days after the motion to dismiss was denied on July 18, 2005. The failure to do so resulted in a delay of only two months. The plaintiff has failed to show how this delay will result in any prejudice or harm, and the Court finds none.

**III. Meritorious Defense**

Finally, the Court must find the existence of a meritorious defense. *See Enron Oil Corp.*, 10 F.3d at 96. In order to satisfy this criterion, the defense need only show that there is a determination for the factfinder to make. *See American Alliance*, 92 F.3d at 61 (holding that the defense does not have to be ultimately persuasive, but merely present the factfinder with some determination to make); *Jones*, 2004 WL 3267285 at *3 ("defendant need not establish his defense conclusively, but must present evidence of facts that, if proven at trial, would constitute a complete defense").

In the present case, the Court recently denied the defendant's motion to dismiss for the very reason that there are significant issues of fact to be determined. (Dkt. #15). It is clear, therefore, that there is a sufficient meritorious defense to warrant vacating the entry of default.

**CONCLUSION**

Plaintiff's motion for default judgment (Dkt. #17) is denied, and defendant's motion to vacate the clerk's entry of default (Dkt. # 19) is granted.  Furthermore, defendant's motion for leave to file its answer (Dkt. #19) is granted, and defendant is ordered to do so within 10 days of the entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 30, 2005.